## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## NEWARK DIVISION

| | |
|---|---|
| **LONNIE PETERS, individually and on behalf of other similarly situated employees,** | **Case No. 2:19-cv-19027** |
| **Plaintiff,** | **Jury Trial Demanded** |
| **v.** | **Class/Collective Action** |
| **SKANSKA, INC.** | **Pursuant to 29 U.S.C. §216(b)/ Fed. R. Civ. P. 23** |
| **Defendant.** | |

## CLASS AND COLLECTIVE ACTION COMPLAINT

### SUMMARY

1.      Lonnie Peters (Peters) and other workers like him (collectively, the "Straight Time Workers") were not paid overtime as required by the Fair Labor Standards Act (FLSA) for work they performed for SKANSKA, Inc. (SKANSKA).

2.      SKANSKA bills itself as a world leading project development and construction group.[1]

3.      It employs thousands of professional and technical employees in various positions.

4.      Peters and the similarly situated Straight Time Workers are those SKANSKA employees who were paid the same hourly rate for all hours worked, including those in excess of 40 hours in a workweek.

---

[1] https://www.skanska.com/ (last visited September 18, 2019).

5.      To avoid paying the Straight Time Workers overtime, SKANSKA uniformly misclassified them as exempt from overtime provisions of the FLSA and numerous applicable state laws.

6.      Peters brings this lawsuit to recover unpaid overtime on behalf of himself and all Straight Time Workers who elect to opt-in to this action.

7.      Peters also brings this action on behalf of himself and similarly situated Straight Time Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law (NYLL).

### JURISDICTION AND VENUE

8.      This Court has original jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331(a) because this Action involves a federal question under the FLSA.

9.      This Court has original jurisdiction over this Action pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d).

10.     This Court also has supplemental jurisdiction over any state law sub-classes pursuant to 28 U.S.C. § 1367.

11.     The total number of all potential class members far exceeds 100.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

13.     SKANSKA maintains its headquarters in Parsippany, New Jersey, in this District and Division.

### THE PARTIES

14.     Peters is an adult individual who is a resident of the State of Massachusetts.

15.     At all relevant times, Peters was an employee of SKANSKA as defined by the FLSA and NYLL.

16.     At all relevant times, SKANSKA was Peters' employer as defined in the FLSA and NYLL.

17.     Peters worked as a Superintendent for SKANSKA from August 2016 until January 2018.

18.     While working for SKANSKA, Peters was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation.

19.     Peters' written consent is attached as Exhibit A.

20.     Peters performed day-to-day power plant maintenance for SKANSKA.

21.     Peters coordinated welders and skilled laborers to perform power plant services.

22.     Peters reported his hours to SKANSKA.

23.     Peters received a paycheck from SKANSKA.

24.     Peters brings this action on behalf of himself and all other similarly situated hourly employees paid straight time for overtime, under the collective action provisions of the FLSA. *See* 29 U.S.C. §216(b). The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All individuals who worked for SKANSKA during the past three years who were paid straight time for overtime (the "FLSA Class").**

25.     The FLSA Class members are easily ascertainable from SKANSKA's business and personnel records.

26.     Peters also seeks certification of a class under FED. R. CIV. P. 23 to remedy SKANSKA's violations of the NYLL.

27.     The class of similarly situated employees sought to be certified as a class action under the NYLL is defined as:

> **All employees who worked for in New York during the past 6 years who were**

3

paid straight time for overtime (the "New York Class").

28.    The New York Class members are easily ascertainable from SKANSKA's business and personnel records.

29.    SKANSKA may be served with process by serving Corporation Service Company, 80 State Street, Albany, New York, 12207.

### COVERAGE UNDER THE FLSA

30.    At all relevant times, SKANSKA was an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

31.    At all relevant times, SKANSKA was an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

32.    At all relevant times, SKANSKA was an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), because they had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials – such as cell phones, computers, walkie-talkies, hardhats, and personal protective equipment - that have been moved in or produced for commerce.

33.    At all relevant times, SKANSKA has had and has an annual gross volume of sales made or business done of not less than $5,000,000.

34.    At all times hereinafter mentioned, Peters and the Straight Time Workers were engaged in commerce or in the production of goods for commerce.

### THE FACTS

35.    SKANSKA paid Peters according to its "straight time for overtime" policy.

36.    During the relevant period, Peters worked for SKANSKA as an hourly employee.

37.    SKANSKA set Peters' schedule.

4

38.     Peters was paid by the hour.

39.     Peters was paid $76 per hour for hours approved by SKANSKA.

40.     If Peters worked fewer than 40 hours in a week, he would be paid only for the hours he actually worked.

41.     But Peters regularly worked more than 40 hours in a week.

42.     Peters routinely worked 72 hours a week.

43.     Within the past 6 years, SKANSKA employed Peters in New York during at least one week in which he worked more than 40 hours.

44.     Upon information and belief, SKANSKA employed more than 50 Straight Time Workers in New York in the last 6 years.

45.     The hours Peters, the FLSA Class, and the New York Class worked are reflected in SKANSKA's payroll records, which have or should have been maintained by SKANSKA in the ordinary course of business.

46.     SKANSKA paid Peters, the FLSA Class, and the New York Class the same hourly rate for all hours worked, including for those hours in excess of 40 hours in a single workweek.

47.     Peters, the FLSA Class, and the New York Class did not receive overtime for all hours worked in excess of 40 hours in a single workweek while working for SKANSKA.

48.     Rather than receiving time and half as required by the FLSA, Peters, the FLSA Class, and the New York Class only received "straight time" pay for overtime hours worked.

49.     This "straight time for overtime" payment scheme violates the FLSA and NYLL.

50.     SKANSKA paid Peters, the FLSA Class, and the New York Class on an hourly basis.

51.     SKANSKA never guaranteed Peters, the FLSA Class, and the New York Class a minimum weekly salary irrespective of days or hours worked.

52.     SKANSKA did not pay Peters, the FLSA Class, and the New York Class on a salary basis.

53.     SKANSKA was aware of the overtime requirements of the FLSA and NYLL.

54.     Nevertheless, the hourly employees like Peters, the FLSA Class, and the New York Class did not receive overtime while working for SKANSKA.

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

55.     The illegal pay practices imposed on Peters was imposed on members of the FLSA Class and New York Class.

56.     Peters brings the First Cause of Action, an overtime claim under the FLSA, on behalf of himself and the FLSA Class.

57.     Peters brings the Second Cause of Action, an overtime claim under the NYLL, on behalf of himself and the New York Class.

58.     The illegal straight time for overtime policy SKANSKA imposed on Peters was likewise imposed on the FLSA Class and the New York Class.

59.     The members of the FLSA Class and the New York Class are geographically diverse and spread throughout the country.

60.     The members of the FLSA Class and the New York Class were victimized by the straight time for overtime policy which is in willful violation of the FLSA and the state overtime laws referenced in this complaint.

61.     SKANSKA regularly assigned members of the FLSA Collective and the New York Class to work away from their homes.

62.     Based on his experiences and tenure with SKANSKA, Peters is aware that SKANSKA's illegal practices were imposed on other members of the FLSA Class and the New York Class.

63.     The FLSA Class and the New York Class were denied overtime when they worked more than 40 hours per week.

64.     SKANSKA's failure to pay overtime at the rates required by state and/or federal law result from a generally applicable, systematic policy which is not dependent on the personal circumstances of the FLSA Class and the New York Class.

65.     Peters' experiences are therefore typical of the experiences of the FLSA Class and the New York Class.

66.     The specific job titles or precise job locations of the various members of the FLSA Class and the New York Class do not prevent class or collective treatment.

67.     Peters has no interests contrary to, or in conflict with, the FLSA Class and the New York Class that would prevent class or collective treatment.

68.     Like each member of the FLSA Class and the New York Class, Peters has an interest in obtaining the unpaid overtime wages owed under state and/or federal law.

69.     A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

70.     Absent a class and collective action, many members of the FLSA Class and the New York Class will not obtain redress of their injuries and SKANSKA will reap the unjust benefits of violating the FLSA and applicable state labor law.

71.     Furthermore, even if some of the FLSA Class and the New York Class could afford individual litigation against SKANSKA, it would be unduly burdensome to the judicial system.

72.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the FLSA Class and the New York Class and provide for judicial consistency.

73.     The questions of law and fact common to each of the FLSA Class and the New York Class predominate over any questions affecting solely the individual members.

7

74.    Among the common questions of law and fact are:

a. Whether SKANSKA employed the members of the Class within the meaning of the applicable state and federal statutes, including the FLSA and NYLL;

b. Whether SKANSKA's violation of the FLSA and NYLL resulted from a continuing course of conduct;

c. Whether SKANSKA's decision to pay straight time for overtime to hourly workers was made in good faith;

d. Whether SKANSKA's decision to not pay time and a half for overtime to the members of the FLSA Collective and the New York Class was made in good faith;

e. Whether SKANSKA paid members of the FLSA Class and the New York Class on a salary basis;

f. Whether SKANSKA's violations of the FLSA and/or NYLL were willful; and

g. Whether SKANSKA's illegal pay practice applied to the FLSA Class and the New York Class.

75.    Peters, the FLSA Class, and the New York Class sustained damages arising out of SKANSKA's illegal and uniform employment policy.

76.    Peters knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

77.    Even if the issue of damages were somewhat individual in character, the damages can be calculated by reference to SKANSKA's records and there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

78.    SKANSKA is liable under the FLSA and NYLL for failing to pay overtime to Peters, the FLSA Class, and the New York Class.

79.     Consistent with SKANSKA's straight time for overtime policy, Peters and members of the FLSA Class and New York Class were not paid the proper premium overtime compensation when they worked more than 40 hours in a workweek.

80.     As part of a regular business practice, SKANSKA intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and NYLL with respect to Peters and members of the FLSA Class and the New York Class.

81.     SKANSKA's illegal straight time for overtime policy deprived Peters, the FLSA Class, and the New York Class of the premium overtime wages they are owed under state and federal law.

82.     SKANSKA was aware, or should have been aware, that federal and/or state law required them to pay Peters and members of the FLSA Class and New York Class overtime premiums for all hours worked in excess of 40 per workweek.

83.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NYLL.

84.     Numerous Straight Time Workers who worked with Peters (including in New York) were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

85.     The precise size and the identity of other members of the FLSA Class and the New York Class are ascertainable from the business records, tax records, and/or employee or personnel records maintained by SKANSKA.

**FIRST CAUSE OF ACTION – FLSA OVERTIME WAGES
(BROUGHT BY PETERS AND THE FLSA CLASS)**

86.     Peters realleges and incorporates by reference all allegations in all preceding paragraphs.

87.     The failure to pay Peters and the FLSA Class at one-and-one-half times their regular rates violated the FLSA's overtime provisions.

88. SKANSKA owes Peters and the FLSA Class overtime pay at the proper overtime rate.

89. SKANSKA did not make a good faith effort to comply with the FLSA with respect to the compensation of Peters and the FLSA Class.

90. Because SKANSKA knew, or showed reckless disregard for whether, its pay practices violated the FLSA, SKANSKA owes these wages for at least the past three years.

91. SKANSKA is liable to Peters and the FLSA Class for an amount equal to all unpaid overtime wages as liquidated damages.

92. Peters and the FLSA Class are entitled to recover all reasonable attorneys' fees and costs incurred in this action.

## SECOND CAUSE OF ACTION – NYLL OVERTIME WAGES
### (BROUGHT ON BEHALF OF PETERS AND THE NEW YORK CLASS)

93. Peters realleges and incorporates by reference all allegations in all preceding paragraphs.

94. The overtime provisions of the NYLL and its supporting regulations applies to SKANSKA and protect Peters and the New York Class.

95. SKANSKA failed to pay Peters and the New York Class the premium overtime wages to which they were entitled under the NYLL – at a rate of 1.5 times their regular rate of pay – for all hours worked beyond 40 per workweek.

96. Through its knowing or intentional failure to pay Peters and the New York Class the appropriate overtime wages for hours worked in excess of 40 hours per workweek, SKANSKA willfully violated the NYLL, Article 19, § 650 et seq., and supporting New York State Department of Labor regulations.

97. Due to SKANSKA's violations of the NYLL, Peters and the New York Class are entitled to recover from SKANSKA its unpaid overtime wages, liquidated damages, pre-judgment and post-judgment interest, and reasonable attorneys' fees and costs pursuant to the NYLL.

### THIRD CAUSE OF ACTION – NYLL PROPER ANNUAL WAGE NOTICES
### (BROUGHT ON BEHALF OF PETERS AND THE NEW YORK CLASS)

98.     Peters realleges and incorporates by reference all allegations in all preceding paragraphs.

99.     SKANSKA have failed to furnish Peters and the New York Class with proper annual wage notices as required by NYLL, Article 6, § 195(1), in English or in the language identified by each employee as their primary language, at the time of hiring, and on or before February first of each subsequent year of the employee's employment with the employer, a notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the commissioner deems material and necessary.

100.    Due to SKANSKA's violations of NYLL, Article 6, § 195(1), Peters and the New York Class are entitled to statutory penalties of fifty dollars each workday that SKANSKA failed to provide Peters and the New York Class with annual wage notices, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198(1-b).

### FOURTH CAUSE OF ACTION – NYLL ACCURATE WAGE STATEMENTS
### (BROUGHT ON BEHALF OF PETERS AND THE NEW YORK CLASS)

101.    Peters realleges and incorporates by reference all allegations in all preceding paragraphs.

102.    SKANSKA failed to supply Peters and the New York Class with an accurate statement of wages with every payment of wages as required by NYLL, Article 6, § 195(3), listing: dates of work

covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

103.    Due to SKANSKA's violations of NYLL, Article 6, § 195(3), Peters and the New York Class are entitled to statutory penalties of two hundred fifty dollars for each workday that SKANSKA failed to provide them with accurate wage statements, or a total of five thousand dollars each, and reasonable attorneys' fees and costs, as provided for by NYLL, Article 6, § 198 (1-d).

## PRAYER

104.    Peters, individually, and on behalf of himself and the FLSA Class and the New York Class, respectfully requests that this Court grant the following relief:

a.    An Order designating the FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.    For an Order appointing Peters as representative and his counsel to represent the interests of the FLSA Class and the New York Class;

c.    For an Order finding SKANSKA liable to Peters and the FLSA Class for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d.    Certification of the New York Class pursuant to FRCP 23;

e.      Statutory penalties of fifty dollars for each workday that SKANSKA failed to provide Peters and the New York Class with proper annual wage notices, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

f.      Statutory penalties of two hundred fifty dollars for each workday that SKANSKA failed to provide Peters and the New York Class with accurate wage statements, or a total of five thousand dollars each, as provided for by NYLL, Article 6 § 198;

g.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

h.      For an Order granting such other and further relief as may be necessary and appropriate.


Dated:          New York, New York
                October 16, 2019


                                Respectfully submitted,

                                */s/ Dana Cimera*
                                Dana M. Cimera
                                **FITAPELLI & SCHAFFER, LLP**
                                Dana M. Cimera
                                28 Liberty Street, 30th Floor
                                New York, NY 10005
                                Telephone: (212) 300-0375

                                Michael A. Josephson
                                Texas Bar No. 24014780
                                Andrew Dunlap
                                Texas Bar No. 24078444
                                Richard M. Schreiber
                                Texas Bar No. 24056278
                                **JOSEPHSON DUNLAP, LLP**
                                11 Greenway Plaza, Suite 3050
                                Houston, Texas 77046
                                713-352-1100 – Telephone
                                713-352-3300 – Facsimile
                                mjosephson@mybackwages.com

                                        13

adunlap@mybackwages.com
rschreiber@mybackwages.com

AND

Richard J. (Rex) Burch
Texas Bar No. 24001807
S.D. Tex. ID No. 21615
8 Greenway Plaza, Suite 1500
**BRUCKNER BURCH, PLLC**
Houston, Texas 77046
Telephone:     (713) 877-8788
Telecopier:     (713) 877-8065
rburch@brucknerburch.com